IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| TIMOTHY O. MEADE | ) | CASE NO. 09-73084 |
| LAURA B. MEADE | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| EVERHOME MORTGAGE | ) | |
| COMPANY | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Motion to Allow Late Filing of Proof of Claim |
| | ) | |
| TIMOTHY O. MEADE and | ) | |
| LAURA B. MEADE | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM DECISION

The matter before the Court is the Motion filed by EverHome Mortgage Company ("EverHome"), a secured creditor of the Debtors, seeking permission for the late filing of a proof of claim in this case. No objection has been filed to either the Motion or the tardy proof of claim filed by EverHome.

FINDINGS OF FACT

Debtors filed their chapter 13 petition on December 7, 2009, and their initial meeting of creditors under 11 U.S.C. § 341(a) was held on January 21, 2010. In their Schedule D, filed along with the petition, Debtors scheduled a debt owed to EverHome in the amount of $57,485.77 secured by Debtors' residence, which had a scheduled value of $55,000. In the Debtors' Amended Chapter 13 Plan filed May 3, 2010, and confirmed on July 22, 2010, Debtors

provided that they would pay the regular contract payment to EverHome outside of the plan and stated that there was no arrearage on the loan for the trustee to cure. EverHome did not file its proof of claim in the case until November 4, 2010. In its proof of claim, EverHome stated that it was owed $56,855.70 on a secured claim, which amount included an arrearage of $475.45. On the same day that it filed the proof of claim, EverHome also filed the instant Motion seeking an extension of time in which to file its proof of claim, which, in substance, was a motion asking for its tardy proof of claim to be treated as timely filed. At the hearing held December 1, 2010, both the Trustee and counsel for the Debtors stated that they had no objection to the Motion.

## CONCLUSIONS OF LAW

This Court has jurisdiction over this proceeding by virtue of provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 2, 1984. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(B).

The Bankruptcy Code, found in Title 11 of the U.S. Code, provides that "[a] creditor or an indenture trustee may file a proof of claim." 11 U.S.C. § 501(a). If such proof of claim is filed, it is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). One of the bases upon which an objection can be premised is the failure to timely file the proof of claim. *See* 11 U.S.C. 502(b)(9). In order to be timely, a proof of claim in a case under chapter 7, 12, or 13 must be filed "not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code." Fed. R. Bankr. P. 3002(c). If a creditor fails to timely file a proof of claim, the debtor or trustee may file one on the creditor's behalf within thirty days of the expiration of the Rule 3002(c) period. Fed. R. Bankr. P. 3004. Other time periods are provided in certain special situations. *See* Fed. R. Bankr. P. 3002(c)(1)–(6).

There are no provisions in either the Bankruptcy Code or the Rules allowing for

an extension of the time period set forth in Rule 3002(c).  Rule 9006(b) allows the Court to extend deadlines found in the Rules or an order of the court.  Fed. R. Bankr. P. 9006(b)(1). However, this provision is expressly inapplicable to the time period in Rule 3002(c), and a court may only enlarge the time for filing a proof of claim "to the extent and under the conditions stated" in Rule 3002(c).  Fed. R. Bankr. P. 9006(b)(3).

Consistent with the Rules, courts that have been faced with motions similar to the instant Motion "have uniformly held that no extension of the time fixed by Rule 3002(c) may be granted" except as provided in Rule 3002(c)(1) through (6).  9 *Collier on Bankruptcy* ¶ 3002.03[1], at 3002-10 (Alan N. Resnick & Henry J. Sommer eds., 15th rev. ed. 2010); *see, e.g.*, *Davis v. Columbia Constr. Co. (In re Davis)*, 936 F.2d 771, 773 (4th Cir.1991) ("By the operation of Bankruptcy Rule 9006(b)(3) on Rule 3002(c), creditors in a Chapter 7 proceeding who do not file a proof of claim within 90 days after the creditors' meeting are barred from filing such a claim, whether or not there was a good reason for the failure to timely file."); *In re Nwonwu,* 362 B.R. 705, (Bankr. E.D. Va. 2007) (holding that the court had no authority to grant an extension of time to file a proof of claim in a chapter 13 case); *In re* Faust, 180 B.R. 432, 437 (Bankr. D.S.C. 1994); *In re S.A. Morris Paving Co.*, 92 B.R. 161, 163 (Bankr. W.D. Va. 1988).

In the instant case, the § 341 meeting was held on January 21, 2010, making the deadline for filing a claim April 21, 2010.  Neither the trustee nor the debtor filed a proof of claim on EverHome's behalf within thirty days of this deadline, and EverHome did not file its proof of claim until November 4, 2010.  Because none of the special situations listed in Rule 3002(c)(1) through (6) is present here, the Court must deny EverHome's Motion.  However, this decision should not be construed as a disallowance of EverHome's proof of claim.  As noted above, 11 U.S.C. § 502(a) provides that a proof of claim is deemed allowed unless objected to by

a party in interest. That section does not contain any exception with regard to tardily filed claims. Because there has been no objection filed, the claim is allowed unless and until an objection is filed, and a motion to allow a late proof of claim is unnecessary. An order denying the Motion upon the basis of the foregoing rationale will be entered contemporaneously herewith.

        This 6th day of December, 2010.

/s/ William F. Stone, Jr.
UNITED STATES BANKRUPTCY JUDGE